```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        JACKSONVILLE DIVISION
```

MELBA COVEY,

                Plaintiff,

vs.                                        Case No.   3:06-cv-58-J-33TEM

U.S. DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT,

                Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Defendant's Motion to Dismiss Amended Complaint (Doc. # 8), filed on May 8, 2006.  To date, Plaintiff has not filed a response to Defendant's motion.

Local Rule 3.01(b) requires a party opposing a motion to file a response within ten days.  Plaintiff did not file a response within the prescribed period.  On June 23, 2006, Plaintiff filed an unsigned Motion for Enlargement of Time (Doc. # 10), requesting an extension of time in which to respond to the motion.  On June 26, 2005, the Clerk advised counsel to re-file the motion with the requisite signatures.  Plaintiff failed to re-file the motion with the requisite signatures or otherwise respond to the Motion to Dismiss.

On October 17, 2006, this Court entered an Order (Doc. # 12), directing Plaintiff to show cause within eleven days why Defendant's Motion to Dismiss should not be granted as unopposed.

The Order specifically stated that "[f]ailure to respond to this Order may result in a dismissal without prejudice without further notice."  (Id. at 1.)  On October 31, 2006, Plaintiff filed a sealed motion requesting additional time to respond, to which the Defendant was not opposed.

On November 9, 2006, the Court granted Plaintiff an additional thirty days to respond to the motion.  In its Order (Doc. # 17), the Court noted that if Plaintiff failed to respond during the allotted time, the Court would assume that the motion is unopposed.  The extended time for a response having passed, and no response having been filed, the Court now assumes that Plaintiff does not oppose Defendant's motion.

I. **STANDARD OF REVIEW**

In deciding a motion to dismiss, the Court "accept[s] the facts of the complaint as true and view[s] them in the light most favorable to the non-moving party."  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)).  A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." 75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).

## II. BACKGROUND

The relevant facts are as follows. Plaintiff Covey was employed with Defendant Housing and Urban Development's Multifamily Housing Division in Jacksonville, Florida until her retirement in 2005. (Doc. # 1, p. 3.) In 2002, she was diagnosed with fibromyalgia and she has also been diagnosed with diabetes. (Id.)

On or about April 9, 2002, Plaintiff informed her immediate supervisor, Diane Toney, of her condition and requested reasonable accommodations for her impairment, including the ability to participate in HUD's Telework Program. (Id. at 3-4.) Toney disregarded statements from Plaintiff's medical providers, including a written medical recommendation from Dr. Celia Olazar, who treated Plaintiff's fibromyalgia. (Id.) Dr. Olazar recommended that Plaintiff be allowed to work from her home, given her job requirements, impairment, and Defendant's prior history of

-3-

accommodating co-workers.  (Id. at 4.)  Defendant did not respond to Plaintiff's initial request, so Plaintiff submitted a Form HUD-1000 to Toney on August 5, 2002.  (Id.)  Plaintiff states that she met with Toney and other supervisory personnel, but Defendant failed and refused to engage in a meaningful dialogue regarding reasonable accommodations for Plaintiff.  (Id.)

Over the next three years, Plaintiff made numerous other requests, but Defendant failed and refused to accommodate her, even though Plaintiff's other non-disabled co-workers were able to participate in the Telework Program.  (Id.)

Plaintiff filed an Informal Complaint of Discrimination against Defendant on January 13, 2003, which Toney denied on February 4, 2003.  (Id. at 5.)  Plaintiff states that Toney has stated under oath that Plaintiff is an excellent employee, and that her continued denial of Plaintiff's requests for accommodation was based on Dr. Mark Frank's recommendation.  (Id.)  According to Plaintiff, Defendant retaliated against her for her requests for accommodation through the conditions of her employment and negative employment action.  (Id.)  Plaintiff ultimately took an early retirement in or around 2005 because Defendant refused to accommodate her and required her to use sick and annual leave due to her persistent impairment and limitations.  (Id.)

**III.  ANALYSIS**

Plaintiff's Complaint contains four counts, which allege violations of the Rehabilitation Act and the Americans with Disabilities Act, unlawful retaliation, and constructive discharge. Defendant argues that Plaintiff failed to timely file this action. According to Defendant, Plaintiff filed a formal complaint of discrimination with HUD on March 17, 2002, alleging that she had been denied a reasonable accommodation when she was permitted to telework only two days a week instead of the three days a week that she requested. (Doc. # 8, p. 2.)

After investigating Plaintiff's complaint, the agency issued its final decision on September 30, 2005, finding that Plaintiff had not been discriminated against. (Doc. # 8, p. 2.) Plaintiff signed a certified mail receipt acknowledging her receipt of the Final Decision on October 20, 2005. (Doc. # 8, p. 2.) The Final Decision instructed Plaintiff that she had a right to appeal to the EEOC or file suit in federal court "within ninety (90) days of your receipt of this Decision." (Doc. # 8, p. 2.) Having received the Final Decision on October 20, 2005, the filing deadline for a suit in federal court was January 18, 2006. (Doc. # 8, p. 2.) Plaintiff filed this suit on January 19, 2006, ninety-one days after she received the Final Decision. (Doc. # 8, p. 2.)

Upon exhaustion of the required administrative remedies before the agency or EEOC, an employee is entitled a de novo review of the merits of her Complaint in federal court. 42 U.S.C. § 2000e-16(c).

However, the employee's entitlement to review is subject to the requirement that her Complaint be timely filed. The law requires an employee to file an action in district court within ninety days of receiving the agency's final determination. See 42 U.S.C. § 2000e-16(c).

In this case, Plaintiff was required to file this action within ninety days of October 20, 2005, the day she received the agency's Final Decision; thus, the deadline for filing this action was January 18, 2006. Plaintiff's Complaint was filed on January 19, 2006, one day beyond the statutory limit.

### IV. CONCLUSION

Defendant has stated a valid basis for dismissal because Plaintiff failed to file her Complaint within the statutory time limit. Despite ample opportunity to do so, Plaintiff has not responded to Defendant's motion.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

1. Defendant's Motion to Dismiss Amended Complaint (Doc. # 8) is **GRANTED** as unopposed.

2. This case is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this <u>13th</u> day of December, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record